Receipt Number
566176

40

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN P. WHITE AND JULIE A. WHITE,

Exhibit A

Plaintiffs,

vs.

WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE; AMERIQUEST MORTGAGE COMPANY, and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service,

Defendants.

**Case: 2:08-cv-10137**
**Judge: Roberts, Victoria A**
**Referral MJ: Pepe, Steven D**
**Filed: 01-09-2008 At 04:03 PM**
**REM WHITE, ET AL V. WM SPECIALTY MO RTGAGE, LLC, ET AL (TAM)**

Fred R. Schmerberg (P29895)
Law Offices of Fred R. Schmerberg
Attorney for Plaintiffs
209 E. Michigan Avenue
Saline, MI 48176
(734) 429-4936 (Phone)
(734) 944-0401 (fax)

Thomas M. Schehr (P54391)
Dykema Gossett PLLC
Attorneys for Defendants
WM Specialty Mortgage LLC and
Ameriquest Mortgage Company
400 Renaissance Center
Detroit, MI 48243-1668
(313) 568-6659 (phone)
(313) 568-6658 (fax)

**NOTICE OF REMOVAL**

Defendants Ameriquest Mortgage Company and WM Specialty Mortgage LLC ("Defendants"), by counsel Dykema Gossett PLLC give notice that the above action is removed from the Lenawee County Circuit Court, Case No. 07-2809-CZ, in which Court the case is now pending, to the United States District Court for the Eastern District of Michigan.

IN SUPPORT, Defendants state as follows:

1. On or about November 20, 2007, an action was commenced against Defendants in the Lenawee County Circuit Court, State of Michigan, Case No. 07-2809-CZ and service was effected on Defendants on or about December 10, 2007. Copies of all process, pleadings and orders served upon or received by Defendants in this action are attached as Exhibit A.

2. This Notice of Removal is filed within 30 days of Defendants' receipt of

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Plaintiffs' Complaint setting forth their claims for relief, and is timely filed under 28 U.S.C. § 1446(b).

3. This Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), because Plaintiffs have set forth a federal claim for alleged violation of the Truth in Lending Act ("TILA") , 15 U.S.C. § 1601, *et seq.* This Court has original jurisdiction over claims arising under TILA and its implementing regulations. Plaintiffs allegations in Paragraphs 31-52 of the Complaint and the relief sought are governed by TILA. The Court has supplemental jurisdiction over all other claims in Plaintiffs' complaint under 28 U.S.C. § 1367.

4. Venue of this action is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

5. On information and belief, Defendant Michael C. Campbell has not been served with the Complaint. Therefore, all defendants that have been served have consented to removal.

6. WHEREFORE, Defendants give notice of removal of this action from the Lenawee County Circuit Court, State of Michigan, to this Court.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Respectfully submitted,

Of counsel:

By: ______________________

Thomas M. Schehr (P54391)
Dykema Gossett PLLC
Attorneys for Defendants
WM Specialty Mortgage LLC and
Ameriquest Mortgage Company
400 Renaissance Center, 35th Floor
Detroit, MI 48243-1668
(313) 568-6659 (phone)
(313) 568-6658 (fax)
Email: tschehr@dykema.com

Bernard LeSage
BUCHALTER NEMER, P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-5230 (phone)
(213) 630-5715 (fax)

DATED: January 8, 2008





**STATE OF MICHIGAN**

**IN THE LENAWEE COUNTY CIRCUIT COURT**

KEVIN P. WHITE AND JULIE A. WHITE,

Plaintiffs,

No. 07- 2809 -
Hon. Harvey Koselka

v

WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE., AMERIQUEST MORTGAGE COMPANY, and Michael C. Campbell d/b/a Campbell Appraisal Service,

Defendants.

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

Plaintiffs, through their attorney, the Law Offices of Fred R. Schmerberg, state as follows for their complaint:

INTRODUCTION

1. This is an action for damages and equitable relief from an exorbitant mortgage which Defendants improperly provided to Plaintiffs. Plaintiffs bring their claims under the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., the Mortgage Brokers, Lenders and Services Licensing Act, MCL 445.1673, and common law. Plaintiffs seek injunctive relief from foreclosure, rescission of the mortgage, money damages, and attorney fees.

PARTIES and JURISDICTION

2. Plaintiffs, Kevin P. White and Julie A. White, are husband and wife, who together own and live in their single-family home at 4314 North Adrian Highway, Adrian, Michigan 49221, in Lenawee County. They have owned their home since May 30, 2003. The legal description of their home is:

> Land being in center line M-52 1069 feet North from SE corner Section 13, running thence W 409.55 feet thence northerly 120.4 feet thence E 408.95 feet to Center M-52 thence S along center SD highway 120 feet to point of beginning Section 13.

3. WM Specialty Mortgage LLC, Without Recourse ("WM Specialty") is a Delaware limited liability company that conducts business in Michigan and is licensed to do so.

4. Ameriquest Mortgage Company ("Ameriquest") is a mortgage broker, lender, and servicer licensed and doing business in Michigan.

5. Upon information and belief, Michael C. Campbell ("Campbell") is an individual who is a State licensed real estate appraiser (license # 1201007845), doing business in Michigan and in Lenawee County as Campbell Appraisal Service.

6. Lenawee County is the proper venue for this action since Plaintiffs reside there and their home, the subject of this litigation, is located there. All Defendants do business in Lenawee County.

7. This Court has jurisdiction over this claim as the amount in controversy exceeds $25,000 and Plaintiffs seek equitable relief, including and injunction.

FACTS

8. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

9. On or about March 15, 2005, after repeated solicitations by Ameriquest, Plaintiffs entered into an adjustable rate mortgage secured by their home in the amount of $221,000, which was brokered by and financed by Ameriquest. The mortgage had a disclosed annual percentage rate (APR) of 10.358%.

10. Before obtaining this mortgage, Plaintiffs had a fixed rate 6.5% mortgage with Washington Mutual FA with a balance owing of only $173,248 and monthly payments of only $1,379.83, which included tax and insurance escrow.

11. The new adjustable rate mortgage substantially increased Plaintiffs' monthly mortgage payment to $2,073.43, which includes tax and insurance escrow for the first two years of the loan and, after the first adjustment date, to $2,507.70 per month after that.

12. Defendant Ameriquest charged Plaintiffs over $16,500 in costs and fees in connection with this loan.

13. Using money that was collected from Plaintiffs, Ameriquest hired Campbell to determine the value of Plaintiffs' home for the purpose of determining the amount of loan that the property would support. Campbell was paid $450 by Ameriquest for his appraisal of Plaintiffs' home, and Plaintiffs' paid this same $450 to Ameriquest to cover the appraisal fee that Campbell received to appraise Plaintiffs' home.

14. Campbell determined the value of the Plaintiffs' home on March 12, 5005, to be $240,000, and issued a written report to Ameriquest to this effect.

15. In determining the value of Plaintiffs' home on March 12, 2005, Campbell considered the sale price of other comparison homes that Campbell represented in his report as "comparable" to Plaintiffs' home.

16. The other property sales that Campbell represented in his appraisal report as comparable in value were so dissimilar to Plaintiffs' home that they were not accurate representations of the value of Plaintiffs' home. In fact, the comparison properties used by Campbell in his appraisal report were all significantly more valuable than Plaintiffs' property.

17. In Campbell's appraisal report of Plaintiffs' property, Campbell misrepresented the features of the comparison properties, and misrepresented the adjustments in the sales price that would be necessary to compare the sale prices of these properties to the value of Plaintiffs' property. For example:

a. "Comparable No. 1" in Campbell's appraisal report was reported as having no basement and no fireplace, when it actually has a partially finished basement and a fireplace,

b. "Comparable No. 2" in Campbell's appraisal report is situated on 11 acres, but the appraisal report misidentifies the lot area as 1.1 acres, and no value adjustment was applied for the disparity in the value of the extra acreage (Plaintiffs' property is on 1.13 acres). In addition this "Comparable" was reported as having no basement and one fireplace, when it actually has a partially finished basement and two fireplaces,

c. "Comparable No. 3" is a lakefront home over 16 miles away from Plaintiffs' home, with significant extra value for this waterfront feature, but Campbell misrepresented the home as "lake view" only, and adjusted the price by only $15,000.

d. "Comparable No. 4" in Campbell's appraisal report was reported as having one kitchen area and one fireplace, when it actually has two kitchens and two fireplaces.

18. As a result of the misrepresentation of the features of the comparison properties, Campbell reported the value of Plaintiffs' property to be far in excess of its true fair market value on March 13, 2005.

19. Plaintiffs relied on Campbell's appraisal and report of the value of their home, and would not have entered into their mortgage transaction with Ameriquest but for the representation of their property's value, prepared by Campbell and communicated to Plaintiffs' through Ameriquest.

20. If the appraisal of Plaintiffs' home performed by Campbell had not determined the value to be at least $240,000, Plaintiffs would not have qualified for the loan that they ultimately received, and the mortgage refinance transaction would not have occurred.

21. Plaintiffs' agreement and consent to entering into a loan and mortgage with Ameriquest was contingent upon their property having a fair market value of not less than $240,000.

22. Plaintiffs' relied upon the determination of the fair market value of their home provided by Ameriquest and Campbell when they agreed to go forward with the loan after review of the appraisal of their home's value as determined by Ameriquest and Campbell.

23. Plaintiffs would not have agreed to enter into the mortgage and loan with Ameriquest if they had known that their home had a fair market value of less than $240,000.

24. Upon information and belief, Ameriquest encouraged Campbell to find "Comparables" for his appraisal and report that would justify a high appraised value for Plaintiffs' property, because absent an appraised value of $240,000 there would have been no loan refinance transaction, and no 5% loan discount fee (or other financial incentives) paid to Ameriquest.

25. As a result of the misrepresentation and overstatement of the value of Plaintiffs' home, Campbell and Ameriquest caused Plaintiffs to enter into a mortgage refinance that they knew Plaintiffs could not afford, secured by a house in which there was insufficient equity to justify the placement of the loan.

26. As a consequence of the misrepresentation and overstatement of the value of Plaintiffs' home by Campbell and Ameriquest, Plaintiffs are now unable to obtain a new mortgage loan to replace their Ameriquest mortgage, because the actual value of the Plaintiffs' home is only $181,000, and they owe in excess of $220,000 on their current mortgage debt.

27. Defendants Ameriquest and Campbell caused Plaintiffs to enter into a mortgage and loan that they knew Plaintiffs could not afford to repay.

28. Sometime prior to September 14, 2007, Ameriquest assigned Plaintiffs' mortgage to Defendant WM Specialty.

29. Because Defendants placed Plaintiffs into a mortgage they could not afford, Plaintiffs have been unable to make the monthly payments.

30. WM Specialty began foreclosure proceedings against Plaintiffs on November 1, 2007, and the sheriff's sale is presently scheduled for November 29, 2007.

## CLAIMS

**COUNT I – TRUTH IN LENDING ACT (Rescission): Ameriquest and WM Specialty**

31. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

32. This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Sec 1601 et. seq. TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act. TILA is a remedial statute that is to be construed liberally. *Ellis v. GMAC*, 160 F.3d 703, 707 (11th Cir. 1998).

33. The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq. The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

34. The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction. The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

35. TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures.

36. Additionally, TILA provides for material disclosures under 15 U.S.C. Sec. 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]."

37. The disclosure statement that Defendants provided to Plaintiffs violated TILA and Regulation Z in many ways including but not limited to: failing to include in the finance charge certain charges imposed by Defendants and payable by Plaintiffs incident to the extension of credit. Such amounts include but are not limited to:

    a.   a "loan discount fee" in the amount of $11,050,

    b.   an appraisal fee of $450;

    c.   a "tax related service fee" of $70,

    d.   a "flood search fee" of $9,

    e.   a "lender's processing fee": of $625,

    f.   a lender's "administrative fee" of $239

    g.   an application fee of $360,

    h.   a "settlement or closing fee" of $150,

    i.   a courier fee of $85

    j.   a notary fee of $400,

    k.   title insurance fee of $786.40, and

    l.   an excessive recording fee of $71.

38. Additionally, when a consumer is using their home as collateral for a loan, the TILA provides the consumer with the right to cancel non-purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

39.   The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

40.   This consumer credit transaction was subject to Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

41.   In the course of this consumer credit transaction, Defendant failed to deliver all "material" disclosures required by the Act and Regulation Z, in the following ways:

    a.   By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).

    b.   By failing to clearly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226.4 and 226.18(d) and 15 U.S.C. § 1638(a)(3).

    c.   By failing to clearly and accurately disclose the "annual percentage rate," using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

42.   Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving all "material" disclosures described in paragraph 30, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

43.   On November 20, 2007, Plaintiffs rescinded the transaction by sending a notice of rescission to Defendants Ameriquest and WM Specialty by U.S. Mail, postage prepaid. A copy of this notice of rescission is attached to this complaint, incorporated herein, and labeled Exhibit A.

44.   Defendants have received a copy of Plaintiffs' notice of rescission by the date of the filing of this complaint, but less than 20 calendar days have passed since Defendant received a copy of Plaintiffs' notice of rescission. Nevertheless, Plaintiffs are of the information and belief that Defendants will refuse to take the action necessary or appropriate to reflect the termination of the security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2), within 20 days, or ever, unless ordered to do so by this Court.

45. Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

46. As a result of these violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), Defendants are liable to Plaintiffs for

a. Rescission of this transaction.
b. Termination of any security interest in Plaintiffs' property created under the transaction.
c. Return of any money or property given by Plaintiffs to anyone, including the Defendant, in connection with this transaction.
d. Twice the finance charge in connection with this transaction, but not less than $200 nor more than $2,000.
e. The right to retain proceeds to vest in Plaintiffs.
f. Actual damages in an amount to be determined at trial.
g. Reasonable attorney's fees.

**COUNT II – TRUTH IN LENDING (DAMAGES): Ameriquest and WM Specialty**

47. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

48. The mortgage at issue in this action is a consumer credit transaction within the meaning of the Truth in Lending Act (TILA), 15 U.S.C. § 1602 and Regulation Z, § 226.2.

49. The disclosure statement provided to Plaintiffs violated TILA and Regulation Z in ways including but not limited to: failing to include in the finance charge certain charges imposed by Defendants and payable by Plaintiffs incident to the extension of credit. Such amounts include but are not limited to:

a. a "loan discount fee" in the amount of $11,050,
b. an appraisal fee of $450;
c. a "tax related service fee" of $70,
d. a "flood search fee" of $9,
e. a "lender's processing fee": of $625,

 f. a lender's "administrative fee" of$239

g. an application fee of $360,

h. a "settlement or closing fee" of $150,

i. a courier fee of $85

j. a notary fee of $400,

k. title insurance fee of $786.40, and

l. an excessive recording fee of $71.

50. By improperly including certain charges in the amount financed which are actually finance charges, including but not limited to those described in paragraph immediately preceding, Defendants improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z § 226.18(h).

51. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 226.22, Defendants understated the disclosed APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

52. As a result of the above violations of TILA and Regulation Z, Defendants are liable to Plaintiffs in the amount of twice the finance charge, actual damages to be established at trial, and attorneys' fees and costs in accordance with 15 U.S.C. § 1640.

**COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT: Ameriquest and WM Specialty**

53. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

54. Upon information and belief, all Defendants are licensed or registered under the Michigan Mortgage Brokers, Lenders and Servicers Lending Act, MCL 445.1651 et seq.

55. Defendants violated the Brokers Act in ways including but not limited to:

a. Failing to conduct business in accordance with the Act and other laws;

b. Intentionally, or with gross negligence, failing to provide Plaintiffs required material disclosures;

c. Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

d. Charging Plaintiffs fees beyond those that were reasonable, necessary and the expenses actually incurred by Defendants in connection with this transaction;

e. Causing Plaintiffs to pay charges more than once for the expenses incurred in connection with this transaction.

56. As a result of Defendant's violations of the Act, Plaintiffs are entitled to $250 per violation or actual damages, whichever is greater, together with attorneys' fees, injunctive relief, and any other appropriate relief.

## COUNT IV –INJUNCTIVE RELIEF, EQUITY:  WM SPECIALTY

57. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

58. The sheriff's sale of the mortgage in question is scheduled for November 29, 2007.

59. If the sale is performed, Plaintiffs will suffer irreparable harm, the loss of their home and the difficulty of redeeming it.

60. Staying sale pending hearing on Plaintiffs' Motion for Injunctive Relief will not harm Defendants.

61. Wherefore, Plaintiffs requests that this Court stay the sheriff's sale pending hearing on the issue of injunctive relief.

## COUNT V – BREACH OF FIDUCIARY DUTY:  Ameriquest and WM Specialty

62. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

63. Defendants Ameriquest and WM Specialty held themselves out as licensed mortgage brokers and actively solicited Plaintiffs' business.

64. They invited Plaintiffs' trust and confidence, and knew or should have known that Plaintiffs were unsophisticated consumers. Defendants entered into a fiduciary relationship with Plaintiffs, in which they agreed to obtain a mortgage loan which Plaintiffs could afford to repay, with a principal balance supportable by the actual fair market value of Plaintiffs' home, at the lowest available interest rate.

65. As Plaintiffs' fiduciaries, Defendants owed Plaintiffs duties of loyalty, honesty, good faith, and fair dealing.

66. By the acts described in this Complaint, including but not limited to failing to obtain the lowest available rate, failing to obtain an accurate appraisal of the fair market value of Plaintiffs' home, and failing to arrange a mortgage Plaintiffs could afford, Defendants breached their fiduciary duties to Plaintiffs.

67. As a result of Defendants' breaches of their duties, Plaintiffs have suffered damages, and are entitled to proper and appropriate compensation for them.

**COUNT VI – FRAUDULENT MISREPRESENTATION: Ameriquest and Campbell**

68. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

69. Defendants Ameriquest and Campbell intentionally made false representations of material facts to Plaintiffs regarding the fair market value of Plaintiffs' home at the time of Plaintiffs' request to refinance their mortgage, as set forth in the preceding paragraphs.

70. Defendants representations were false when they were made.

71. Defendants' representations were made with the purpose of inducing Plaintiffs to execute their mortgage and mortgage loan with Ameriquest.

72. Defendants' misrepresentations of the fair market value of Plaintiffs' home concerned a material aspect of the transaction between Plaintiffs and Ameriquest.

73. Defendants knew that its representations were false when they were made, or they made them recklessly, without knowing whether they were true.

74. Defendants intended that Plaintiffs rely on the representations.

75. Plaintiffs relied on Defendants' false representations in the execution of their mortgage loan with Ameriquest.

76. As a result of Defendants' fraudulent misrepresentations, Plaintiffs entered into a loan and mortgage that should be rescinded, and Plaintiffs have suffered substantial economic losses.

**COUNT VII – INNOCENT MISREPRESENTATION: Ameriquest and Campbell**

77. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

78. Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiffs and Defendant Ameriquest.

79. Defendants' representations were made with the purpose of inducing Plaintiffs to execute their mortgage and mortgage loan with Ameriquest.

80. Defendants' misrepresentations of the fair market value of Plaintiffs' home concerned a material aspect of the transaction between Plaintiffs and Ameriquest.

81. Plaintiffs would not have entered into their mortgage and mortgage loan with Ameriquest if Defendants had not made the representations.

82. As a result of Defendant's misrepresentations, Plaintiffs entered into a loan and mortgage that should be rescinded, and Plaintiffs have suffered substantial economic losses.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs ask this Court to:

1. Enjoin the sheriff's sale scheduled for November 29, 2007;

2. Enjoin foreclosure of the mortgage;

3. Rescind the mortgage or equitably reform it;

4. Award Plaintiffs statutory and actual damages, and attorneys' fees, as appropriate, and

5. Award any other appropriate relief.

**JURY DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

I DECLARE THAT ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

KEVIN P. WHITE

JULIE A. WHITE

Date: 11/20/07

Law Offices of Fred R. Schmerberg

By:
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0112918925 - 5649
Date: March 15, 2005

Borrower(s): KEVIN P WHITE
JULIE A WHITE

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company
1600 S Douglass Rd Anaheim, CA 92806
ATTN: Funding Department
Phone: (714)541-9960
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

Borrower/Owner KEVIN P WHITE  Date

Borrower/Owner JULIE A WHITE  Date

Borrower/Owner  Date

Borrower/Owner  Date

**REQUEST TO CANCEL**

**I/We want to cancel loan #** 0012918925-5649

[signature]  1/12/07

Borrower/Owner Signature  Date

77777777070707000787652427177444006775352
76115448010733337438471056207760615177762
12230775604373776012230726375740174770007
000007125918925649420161

03/15/2005 10:19:10 AM

**LENDER COPY**

450 (1/00)



# ONE WEEK CANCELLATION PERIOD

Loan Number: 0112918925 - 5649
Date: March 15, 2005

Borrower(s): KEVIN P WHITE
JULIE A WHITE

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company
1600 S Douglass Rd Anaheim, CA 92806
ATTN: Funding Department
Phone: (714)541-9960
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

Borrower/Owner KEVIN P WHITE ____________ Date ____________

Borrower/Owner JULIE A WHITE ____________ Date ____________

Borrower/Owner ____________ Date ____________

Borrower/Owner ____________ Date ____________

**REQUEST TO CANCEL**

**I/We want to cancel loan #** 0011291892S-5649

Julie A. White ____________ 11/20/07

Borrower/Owner Signature Date

777777707070700078765242717744400775352
7611544601073333743647105620776081517762
12230758043737780122307263757401747 70007
000001128100250404220101

850(10/00)

03/15/2005 10:19:10 AM

LENDER COPY

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: March 15, 2005
LOAN NO.: 0112918925 - 5649
TYPE: ADJUSTABLE RATE

BORROWER(S): KEVIN P WHITE JULIE A WHITE

ADDRESS: 4314 N ADRAIN
CITY/STATE/ZIP: ADRIAN,MI 49221

PROPERTY: 4314 N ADRAIN
ADRIAN, MI 49221

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

ENTER DOCUMENT SIGNING DATE

1. The date of the transaction, which is 3/15/05 ;

or

2. The date you received your Truth in Lending disclosures;

or

3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN: FUNDING
PHONE: (714)634-3494
FAX: (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

ENTER FINAL DATE TO CANCEL

3/18/05

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

[signature]
SIGNATURE

11/20/07
DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

BORROWER/OWNER KEVIN P WHITE Date

BORROWER/OWNER JULIE A WHITE Date

BORROWER/OWNER Date

BORROWER/OWNER Date

7777777707070700076765242717744400775362
7611544801073333743647105620776061517762
1223079004373776012230736275742076561007
0000011291892504000050101

BORROWER COPY

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: March 15, 2005
LOAN NO.: 0112918925 - 5649
TYPE: ADJUSTABLE RATE

BORROWER(S): KEVIN P WHITE JULIE A WHITE

ADDRESS: 4314 N ADRAIN
CITY/STATE/ZIP: ADRIAN,MI 49221

PROPERTY: 4314 N ADRAIN
ADRIAN, MI 49221

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is **ENTER DOCUMENT SIGNING DATE** 3/15/05 ;

or

2. The date you received your Truth in Lending disclosures;

or

3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN: FUNDING
PHONE: (714)634-3494
FAX: (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

**ENTER FINAL DATE TO CANCEL**
3/18/05

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

Julie A. White
SIGNATURE

11/20/07
DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

BORROWER/OWNER KEVIN P WHITE Date

BORROWER/OWNER JULIE A WHITE Date

BORROWER/OWNER Date

BORROWER/OWNER Date

777777770707070000767662427177744400775352
7611544801073333743647105620776061517762
1223075604373776012230736275742076551007

504-NRC (Rev 11/03)

**BORROWER COPY**

STATE OF MICHIGAN

IN THE LENAWEE COUNTY CIRCUIT COURT

KEVIN P. WHITE AND JULIE A. WHITE,

Plaintiffs,

No. 07- 2809 -CZ
Hon.

v

WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE., AMERIQUEST MORTGAGE COMPANY, and Michael C. Campbell d/b/a Campbell Appraisal Service,

Defendants.

CIRCUIT COURT
NOV 27 2007

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

## Order to Show Cause

At a session of court held in Adrian, Lenawee County, State of Michigan, on ______________________.

PRESENT: Honorable ______________________
Lenawee County Circuit Court Judge

**UPON READING** the Verified Complaint and Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Enjoining Sheriff's Sale on file herein and the declarations in support filed concurrently with Plaintiffs' Complaint, and pursuant to MCR 3.310 which provides that on a showing of the necessity for immediate action, the court may issue an order to show cause in an action seeking an injunction enjoining sheriff's sale;

**IT IS HEREBY ORDERED** that Defendants appear before this Court on ______________ at ________ .m. to show cause why an injunction enjoining sheriff's sale should not be immediately issued as requested in Plaintiffs' Complaint.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve a copy of their Complaint, Motion for Ex Parte Restraining Order, and a copy of this Order to Show Cause on Defendant WM Specialty Mortgage LLC, Without Recourse, in the following ways:

1. To the attorney for said Defendant as indicated in the publication notice, being, Randall S. Miller & Associates, P.C., 43253 Woodward Ave., Suite 180, Bloomfield Hills, MI 48302, via:

☐ 1st class mail to the address indicated in the publication notice

☐ facsimile transmission to (248) 335-1335

☐ delivery at their address/place of business indicated above

2. To the Defendant WM Specialty Mortgage LLC Without Recourse via 1st class mail to their company address, which is 2711 Centerville Road Suite 400, Wilmington, DE 19808.

3. Other: ______________________________________________

Proof of service shall be filed with the Court at or before the scheduled Show Cause Hearing.

Signed on November 21, 2007 at ________ m.

/s/ HARVEY A. KOSELKA
______________________________
Circuit Court Judge

Prepared by:

Law Offices of Fred R. Schmerberg

By: ____________________________
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936



**STATE OF MICHIGAN**

**IN THE LENAWEE COUNTY CIRCUIT COURT**

KEVIN P. WHITE AND JULIE A. WHITE,

Plaintiffs,

No. 07-2809 -
Hon. Harvey Koselka

v

WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE., AMERIQUEST MORTGAGE COMPANY, and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service,

Defendants.

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

# Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Enjoining Sheriff's Sale

Plaintiffs, through their attorney, the Law Offices of Fred R. Schmerberg, move for an ex parte temporary restraining order, and for a preliminary injunction after hearing, and state:

1. This is an action concerning a "predatory" mortgage obtained by Plaintiffs from Defendants.
2. Together with this motion, Plaintiffs have filed a verified Complaint alleging numerous violations of the Federal Truth in Lending Act, the Michigan Mortgage Brokers Act and common law. They seek both equitable relief and damages.
3. Defendant WM Specialty Mortgage LLC has initiated foreclosure proceedings against Plaintiffs' home, and the sheriff's sale is presently scheduled for November 29, 2007.
4. If the sale occurs, Plaintiffs will have only six months to redeem their property. The complexity of the claims herein make it likely that the case will not be concluded in that time.

5. Plaintiffs face irreparable harm, the loss of their home, if the sale occurs. They will suffer that harm from the delay required to effect notice, as set forth in their verified Complaint.

6. Defendants will not suffer harm from any delay, since they can reschedule the sale and the claim will continue to accrue interest during litigation.

7. Plaintiffs' attorney has attempted to contact the foreclosure attorneys for WM Specialty Mortgage LLC, and/or any other person in a position of authority on behalf of this Defendant, to request a delay of the sale, but has not received any response to that contact. See the Affidavit that follows this motion for evidence of these reasonable attempts.

8. As set forth in the attached brief, the factors to be considered indicate that a preliminary injunction should issue.

WHEREFORE, Plaintiffs ask this Court to issue an ex parte temporary restraining order as well as a preliminary injunction after hearing, preventing sheriff's sale of Plaintiffs' home until further order of this Court.

Dated: November 20, 2007

Law Offices of Fred R. Schmerberg

By: ______________________

Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

# Affidavit of Fred R. Schmerberg

State of Michigan        )
                         )ss
County of Washtenaw  )

Fred R. Schmerberg, being duly sworn, deposes and says:

1.  I am an adult of suitable age and discretion, and this affidavit is based on my personal knowledge. I am competent to testify to these facts if called as a witness.

2.  I represent Kevin and Julie White in connection with the mortgage foreclosure on their house located at 4314 N. Adrian, Adrian, Michigan 49221. Their loan number is Ameriquest loan # 0112918925-5649.

3.  According to published notice (copy attached and labeled Exhibit A, there is a sheriff's sale of my clients' property scheduled for November 29, 2007. I have been trying for over a week to find someone to discuss this matter with me on behalf of WM Specialty Mortgage LLC. There are few if any experiences in my life that have been as frustrating as this effort.

4.  Randall S. Miller & Associates, P.C. is the *attorney* for the lender according to the published notice. When I called this office I was told that no one there has authority to discuss my clients' concerns, and that I would have to call Citi Residential Lending in California.

5.  I did this, and was told that I would have to fax authorization from my clients, and call back the next business day after 10 a.m. Pacific time.

6.  I did this, faxing the signed client authority to both alternative fax numbers that Citi provided. Both faxes were received at 5:22 pm and 5:23 pm on Friday, November 16, 2007.

7.  I called Citi back on Monday, November 19, 2007 in the afternoon (around 3:30 p.m. EST) and was told that it sometimes takes up to 24 hours to process fax authorizations, and that I should call back the next day.

8. I did this, and on November 20, 2007 at 11:43 a.m. EST I was told by Melissa at Citi that it takes 24 to 48 hours to process fax authorizations, and that I should call back tomorrow. When I asked Melissa if she could check the fax machine that received the faxes that I sent last Friday afternoon, she said that her employer prohibits her from getting up from her seat. She did suggest that someone would talk to me if I called back with my clients on the line to provide verbal authorization (which she suggested was a one-time special alternative), but my clients both work and cannot be reached to participate in a conference telephone call. That is why they prepared and signed the written authorization, which was faxed to Citi as instructed.

9. I wanted to talk to someone before filing this case because I wanted to try to seek consent to postpone the sheriff's sale, or at least explore reasonable alternative times for a possible emergency hearing on the request for an injunction contained in the lawsuit. It is the best I can do at this time to explain my efforts to the Court, and hope that the preliminary injunction is issued while I wait to hear from someone with authority to discuss the significant problems identified in my clients' complaint.

10. I faxed a letter outlining my efforts to Randall S. Miller & Associates, P.C. and to Citi Residential Lending on November 20, 2007. My contact information is on this letter. A copy of this letter is attached to this affidavit, and labeled Exhibit B.

On this 20th day of November, 2007, I declare that the affidavit above is true in all particulars to the best of my knowledge, information and belief.

Fred R. Schmerberg

On this 20th day of November, 2007 before me personally appeared Fred R. Schmerberg, who has made oath that he/she has read the foregoing Affidavit by him/her subscribed, and knows the contents thereof, and that the same is true of his/her own knowledge, except as to those matters which are therein stated to be on information and belief, and as to those matters, he/she believes them to be true.

[illegible], Notary Public

Wayne County, Michigan

My commission expires: 10/24/2013

Acting in Washtenaw County

# LEGALS

**Notice Of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Douglas Goodwin and Candy Goodwin, Husband and Wife, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated June 2, 2004, and recorded on June 8, 2004 in Liber 2273 on Page 361, in Lenawee county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of One Hundred Forty-One Thousand Eight Hundred Forty-One And 86/100 Dollars ($141,841.86), including interest at 6.5% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Lenawee County, at 10:00 AM, on November 29, 2007.

Said premises are situated in Village of Cement City, Lenawee County, Michigan, and are described as: Lots 177, 178, 179, and the North 1/2 of Lot 176 of the Village of Cement City, according to the recorded plat thereof as recorded in Liber 3 of plats, Page 36, Township of Woodstock, County of Lenawee and State of Michigan

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

Dated: October 25, 2007
For more information, please call:
FC X 248.593.1302
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #169202F01

10/25;11/1,8,15,2007

**AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT ... ATION OBTAINED ... THAT PURPOSE. ... IF YOU ARE IN ... UTY.**

... - Default having been ... conditions of a certain ... n Adeline Hartman, a ... ee County, Michigan, ... National Association ... f January, A.D. 2006, ... ce of the Register of ... Lenawee and State of ... day of February, A.D. ... e 249 of Lenawee ... age there is claimed to ... notice, for principal of ... ed two thousand two ...

Feet to the place of beginning. Being the same property conveyed to Chester Edwin Tripp, Jr., a single man by deed dated February 8, 2007, Original deed being held by Nations Title Agency to be recorded with mortgage to be insured. Being the same property conveyed to Chester E Tripp, a/k/a Chester Edwin Tripp, Jr by Deed dated February 10, 2004 and recorded February 18, 2004 in Deed Book 2261, Page 280, in the Office of the Recorder of Lenawee County, Michigan.

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA §600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.

Dated: October 25, 2007
Orlans Associates, P.C.
Attorneys for Servicer
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000 File No. 209.4757

10/25;11/1,8,15,2007

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Herbert Green Sr., a single man, to Option One Mortgage Corporation, a California Corporation, Mortgagee, dated December 30, 2005 and recorded January 9, 2006 in Liber 2315, Page 22, Lenawee County Records, Michigan. Said mortgage is now held by Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2006-OPT1, Asset-Backed Certificates, Series 2006-OPT1 by assignment. There is claimed to be due at the date hereof the sum of Seventy-Two Thousand Nine Hundred Seventy and 46/100 Dollars ($72,970.46) including interest at 9.94% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the East door of the Lenawee County Courthouse in Adrian, MI in Lenawee County, Michigan at 10:00 a.m. on NOVEMBER 29, 2007.

Said premises are located in the City of Morenci, Lenawee County, Michigan, and are described as: Lot 36, William D. Page's Addition to The Village (now City) of Morenci, as recorded in Liber 90, Page 801, of Deeds, Lenawee County Records

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA §600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.

Dated: November 1, 2007
Orlans Associates, PC
Attorneys for Servicer

TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.

Dated: November 1, 2007
Orlans Associates, P.C.
Attorneys for Servicer
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000 File No. 285.2486

11/1,8,15,22,2007

**FORECLOSURE NOTICE**

RANDALL S. MILLER & ASSOCIATES, P.C. IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Mortgage Sale - Default has been made in the conditions of a certain mortgage made by Kevin P. White and Julie A. White, Husband and Wife to Ameriquest Mortgage Company, Mortgagee, dated March 15, 2005, and recorded on March 28, 2005, in Liber 2294, Page 176, Lenawee County Records, said mortgage was assigned to WM Specialty Mortgage LLC, Without Recourse by an Assignment of Mortgage which has been submitted to the Lenawee County Register of Deeds, on which mortgage there is claimed to be due at the date hereof the sum of Two Hundred Twenty Eight Thousand Two Hundred Eighty Six Dollars and 50/100 ($228,286.50) including interest at the rate of 11.250% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public venue, at the East door of the Lenawee County Courthouse in Adrian, Michigan at 10:00 AM on November 29, 2007.

Said premises are situated in the Township of Adrian, Lenawee County, Michigan, and are described as:

All that part of the Southeast 1/4 of Section 13, Town 6 South, Range 3 East, described as commencing as a point in the center of M-52 located 1,069 feet North from the Southeast corner of Section 13 aforesaid; and running thence West at right angles to the said centerline of M-52 409.55 feet, thence Northerly 120.04 feet, thence East parallel with the first course 408.95 feet to the centerline of M-52, thence South along the centerline of M-52, 120 feet to the place of beginning

4314 North Adrain

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCL 600.3241a, in which case the redemption period shall be 30 days from the date of such sale, or 15 days after statutory notice, whichever is later.

Dated: November 1, 2007
Randall S. Miller & Associates, P.C.
Attorneys for Assignee
43252 Woodward Ave., Suite 180
Bloomfield Hills, MI 48302
(248) 335-9200
Our File No. 141.00699

11/1,8,15,22,2007

**Notice Of Mortgage Foreclosure Sale**

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER

described as: Lot 71, Assessor's Plat No. 1, City of Morenci, as recorded in Liber 7 of plats, Pages 14 and 15, Lenawee County Records.

Also, The South ten (10) feet of Lot 3, Metcalf and Weber's Addition to the Village (now city) of Morenci, as recorded in Liber 4 of plats, page 94, Lenawee County Records

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

Dated: November 1, 2007
For more information, please call:
FC F 248.593.1313
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #163462F02

11/1,8,15,22,2007

**Notice Of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by David R. Kimbrell, Husband and Billie L. Kimbrell, Wife, original mortgagor(s), to Sky Bank, Mortgagee, dated June 2, 2006, and recorded on June 6, 2006 in Liber 2324 on Page 806, in Lenawee county records, Michigan, and assigned by said Mortgagee to Huntington National Bank as assignee, on which mortgage there is claimed to be due at the date hereof the sum of Ninety-Four Thousand Eight Hundred Fifty-Nine And 75/100 Dollars ($94,859.75), including interest at 6.75% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Lenawee County, at 10:00 AM, on November 29, 2007.

Said premises are situated in City of Morenci, Lenawee County, Michigan, and are described as: Lot 8, Wakefield Estates, as recorded in Liber 16 of Deeds, Page 44 to 46, Lenawee County Records.

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

Dated: November 1, 2007
For more information, please call:
FC F 248.593.1313
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #169397F01

11/1,8,15,22,2007

**Notice Of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR**

**BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Jack Mainguy and Leighanne Mainguy, husband and wife, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated June 22, 2005, and recorded on July 6, 2005 in Liber 2301 on Page 781, in Lenawee county records, Michigan, and assigned by mesne assignments to Deutsche Bank National Trust Company, as Trustee for Encore Credit Receivables Trust 2005-3 as assignee, on which mortgage there is claimed to be due at the date hereof the sum of One Hundred Seventy-Six Thousand One Hundred Sixteen And 75/100 Dollars ($176,116.75), including interest at 11.34% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Lenawee County, at 10:00 AM, on November 29, 2007.

Said premises are situated in Charter Township of Raisin, Lenawee County, Michigan, and are described as: Lot 13, Sherwood Meadows, Township of Raisin, County of Lenawee, and State of Michigan, as recorded in Liber 22 of Plats, Pages 11, 12 and 13, Lenawee County Records.

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

Dated: November 1, 2007
For more information, please call:
FC G 248.593.1310
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #169390F01

11/1,8,15,22,2007

**Notice Of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Robert L. Menser and Shari L. Menser, husband and wife, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns, Mortgagee, dated June 9, 2005, and recorded on July 6, 2005 in Liber 2301 on Page

**ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Rodney A. Miller, a married man and Tera C. Miller, his wife, original mortgagor(s), to Lender LTD DBA Home Loan Specialists, Inc., Mortgagee, dated October 21, 2002, and recorded on October 29, 2002 in Liber 2033 on Page 224, and assigned by said Mortgagee to Countrywide Home Loans, Inc. as assignee as documented by an assignment, in Lenawee county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of One Hundred Forty-Three Thousand Three Hundred Eighty-Nine And 28/100 Dollars ($143,389.28), including interest at 8.375% per annum.

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Lenawee County, at 10:00 AM, on November 29, 2007.

Said premises are situated in Township of Cambridge, Lenawee County, Michigan, and are described as: The North 393 feet of the South 786 feet of the following described land: The West 1/2 of the Southwest fractional 1/4 of Section 19, Town 5 South, Range 2 East, excepting therefrom the South 26 acres thereof, also excepting all that part thereof described as commencing at the Northwest corner of the West 1/2 of the Southwest fractional 1/4 of said section 19 in the center of Marr Highway; thence South in the center of said Highway on the section line 200 feet, thence East 217.8 feet, thence North parallel with the first course 200 feet, thence West 217.8 feet to the place of beginning

The redemption period shall be 12 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

Dated: November 1, 2007
For more information, please call:
FC X 248.593.1302
Trott & Trott, P.C.
Attorneys For Servicer
31440 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334-2525
File #159363F02

11/1,8,15,22,2007

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Bruce L. Calloway and Linda C. Calloway, husband and wife, to Mortgage Electronic Registration Systems, Inc., as nominee for lender and lender's successors and/or assigns

EXHIBIT A

Law Offices of

**Fred R. Schmerberg**

**209 East Michigan Ave.**
**Saline, MI 48176-1554**

Telephone (734) 429-4936
Facsimile (734) 944-0401

November 20, 2007

Citi Residential Lending
P.O. Box 11000
Santa Ana CA 92711 - 1000
Fax # (949)862-3764
Fax # (949) 862-3526

Randall S. Miller & Associates, P.C.
43252 Woodward Ave.
Bloomfield Hills, MI 48302
Fax # (248) 335-1335

Ameriquest Mortgage Company
712 Abbott Rd.
East Lansing, MI 48823

WM Specialty Mortgage LLC Without Recourse
2711 Centerville Rd.
Suite 400
Willmington DE 19808

Re: Ameriquest loan # 0112918925-5649
4314 N. Adrian, Adrian, Michigan 49221
Kevin & Julie White

Dear Lenders and Agents:

I represent Kevin and Julie White in connection with the mortgage foreclosure on their house located at 4314 N. Adrian, Adrian, Michigan 49221. Their loan number is referenced above.

The Whites have decided to exercise their right to cancel the loan transaction referenced above. Copies of their elections to this effect are enclosed.

According to published notice, there is a sheriff's sale of my clients' property scheduled for November 29, 2007. I have been trying for over a week to find someone to discuss this matter with me. There are few if any experiences in my life that have been as frustrating as this effort.

Randall S. Miller & Associates, P.C. is the *attorney* for the lender according to the published notice. When I called this office I was told that no one there has authority to discuss my clients' concerns, and that I would have to call Citi Residential Lending in California. I did this, and was told that I would have to fax authorization from my clients, and call back the next business day after 10 a.m. Pacific time. I did this, faxing the signed client authority to both alternative fax numbers that Citi provided. Both faxes were received at 5:22 pm and 5:23 pm EST on Friday, November 16, 2007.

I called Citi back on Monday, November 19, 2007 in the afternoon (around 3:30 p.m. EST) and was told that it sometimes takes up to 24 hours to process fax authorizations, and that I should call back the next day. I did this, and on November 20, 2007 at 11:43 a.m. EST I was told by Melissa that it takes 24 to



48 hours to process fax authorizations, and that I should call back tomorrow. When I asked Melissa if she could check the fax machine that received the faxes that I sent last Friday afternoon, she said that her employer prohibits her from getting up from her seat. She did suggest that someone would talk to me if I called back with my clients on the line to provide verbal authorization (which she suggested was a one-time special alternative), but my clients both work and cannot be reached to participate in a conference telephone call. That is why they prepared and signed the written authorization, which was faxed to Citi as instructed.

Attached to this fax please find a copy of a lawsuit that will be filed this afternoon. I wanted to talk to someone before filing this case is because I wanted to try to seek consent to postpone the sheriff's sale, or at least explore reasonable alternative times for a possible emergency hearing on the request for an injunction contained in the lawsuit. It is the best I can do at this time to explain my efforts to the Judge, and hope that the preliminary injunction is issued while I wait to hear from someone with authority to discuss the significant problems identified in my clients' complaint. My contact information is on this letter.

Very truly yours,
Law Offices of Fred R. Schmerberg

By:
Fred R. Schmerberg

FRS\
cc: Kevin & Julie White

**STATE OF MICHIGAN**

**IN THE LENAWEE COUNTY CIRCUIT COURT**

KEVIN P. WHITE AND JULIE A. WHITE,

Plaintiffs,

No. 07- 2809 -
Hon. Harvey Koselka

v

WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE., AMERIQUEST MORTGAGE COMPANY, and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service,

Defendants.

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

## Plaintiffs' Brief in Support of Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Enjoining Sheriff's Sale

Plaintiffs have filed a verified Complaint setting forth numerous violations of the Truth in Lending Act, the Michigan Brokers, Lenders and Servicers Act, and for equitable relief and damages as a result of Defendants' misconduct. A sheriff's sale of the mortgage involved is presently scheduled for November 29, 2007. Plaintiffs ask this Court to grant them an ex parte temporary restraining order of the sale and a preliminary injunction of the sale after hearing.

### I. Plaintiffs are entitled to a temporary restraining order and an injunction to preserve the status quo between the parties.

A temporary restraining order may be granted ex parte if the requesting party shows that they will suffer immediate and irreparable injury from the delay needed to give notice. MCR 3.310(B).

If the presently scheduled sheriff's sale of Plaintiffs' home occurs, Plaintiffs face the irreparable loss of their home and will have only six months to redeem the mortgage. This litigation may well take longer than that, and Plaintiffs are seeking to rescind or reform the mortgage at issue. Plaintiffs would suffer irreparable harm if their property is sold and they are unable to resolve their claims within the redemption period, and they will suffer that harm if the sale occurs before they are able to obtain a hearing on their motion for preliminary injunction. Plaintiffs are therefore entitled to an ex parte temporary restraining order pending hearing.

The purpose of a preliminary injunction is to preserve the status quo between the parties, as it existed prior to the controversy at bar, pending the outcome of litigation. *City of Detroit* v *Salaried Physicians Prof'l Ass'n UAW*, 165 Mich App 142, 151 (1987). In determining whether a preliminary injunction should issue, Michigan courts consider four factors: (1) the likelihood that the party seeking the injunction will prevail on its merits; (2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is issued; (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and (4) the harm to the public interest if the injunction is issued. *Campau* v *McMath*, 185 Mich App 724, 728-729 (1990) (citing *Michigan State Employees Ass'n* v *Dep't of Mental Health*, 421 Mich 152, 157-158 (1984)).

The factors in this case all weigh in favor of granting a preliminary injunction.

**A. Plaintiffs are likely to prevail on the merits.**

The facts in this case are set forth in Plaintiffs' verified Complaint. Plaintiffs were placed into an exorbitant mortgage which they could not afford. Defendants grossly over-valued Plaintiffs' property when it was appraised to determine whether or not the loan should be made. Defendants misrepresented the value of the property so that the loan would go through and so that they could receive a 5% loan placement fee, knowing that Plaintiffs would not be able to afford the monthly

payment as soon as their new mortgage interest rate adjusted. Defendants collected over $16,500 in fees from this mortgage while failing to property disclose them.

**1. Truth in Lending Act**

Plaintiffs seek rescission of the mortgage and money damages under the Truth in Lending Act (TILA). TILA permits a mortgagor to rescind a loan within three years of its making if the lender fails to make the proper material disclosures. TILA requires a lender to properly, accurately disclose the finance charge, the amount financed, and the annual percentage rate (APR), and allows rescission and money damages where those disclosures are improper.

When TILA violations and rescission claims are raised in defense to a foreclosure, the requirements imposed upon a lender are strict. 15 U.S.C. § 1635(i). A mortgage may be rescinded if the lender failed to include a mortgage broker fee in the finance charge, or the finance charge is understated by more than $35. *Id.* In this case, Defendant failed to deliver all "material" disclosures required by the Act and Regulation Z, including the following:

1. By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).
2. By failing to clearly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226.4 and 226.18(d) and 15 U.S.C. § 1638(a)(3).
3. By failing to clearly and accurately disclose the "annual percentage rate," using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

In addition, the disclosure statement provided to Plaintiffs violated TILA and Regulation Z in ways including but not limited to: failing to include in the finance charge certain charges imposed by Defendants and payable by Plaintiffs incident to the extension of credit. Such amounts include but are not limited to:

1. a "loan discount fee" in the amount of $11,050,
2. an appraisal fee of $450;
3. a "tax related service fee" of $70,
4. a "flood search fee" of $9,

5. a "lender's processing fee": of $625,
6. a lender's "administrative fee" of$239
7. an application fee of $360,
8. a "settlement or closing fee" of $150,
9. a courier fee of $85
10. a notary fee of $400,
11. title insurance fee of $786.40, and
12. an excessive recording fee of $71.

By improperly including certain charges in the amount financed which are actually finance charges, including but not limited to those described in paragraph immediately preceding, Defendants improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z § 226.18(h).

By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 226.22, Defendants understated the disclosed APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

Since Plaintiffs properly attempted rescission within the permitted three-year period, Plaintiffs are also entitled to the damages and fees that result from Defendants failure to rescind the mortgage. Thus, Plaintiffs are likely to prevail on their TILA claims against Defendants.

**2. Michigan Mortgage Brokers, Lenders and Services Act**

Upon information and belief, Defendants Ameriquest and WM Specialty are licensed or registered under this Act. The Act provides for damages and attorney fees where a licensee/registrant has failed to provide the required disclosures. As explained above, Defendants did not provide the required disclosures. Defendants are also prohibited from engaging in fraud or material misrepresentations, and charging unreasonable or unnecessary fees. Defendants violated these provisions by failing to conduct business in accordance with the Act and other laws;

intentionally, or with gross negligence, failing to provide Plaintiffs required material disclosures; engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction; charging Plaintiffs fees beyond those that were reasonable, necessary and the expenses actually incurred by Defendants in connection with this transaction; causing Plaintiffs to pay charges more than once for the expenses incurred in connection with this transaction.

Plaintiffs are also likely to prevail on these claims.

**3. Breach of Fiduciary Duty**

Defendants owed Plaintiffs a fiduciary duty, because they held themselves out as licensed mortgage brokers and actively solicited Plaintiffs' business. They invited Plaintiffs' trust and confidence, and knew or should have known that Plaintiffs were unsophisticated consumers. Defendants entered into a fiduciary relationship with Plaintiffs, in which they agreed to obtain a mortgage loan which Plaintiffs could afford to repay, with a principal balance supportable by the actual fair market value of Plaintiffs' home, at the lowest available interest rate. As Plaintiffs' fiduciaries, Defendants owed Plaintiffs duties of loyalty, honesty, good faith, and fair dealing. By the acts described in this Complaint, including but not limited to failing to obtain the lowest available rate, failing to obtain an accurate appraisal of the fair market value of Plaintiffs' home, and failing to arrange a mortgage Plaintiffs could afford, Defendants breached their fiduciary duties to Plaintiffs.

**B. Plaintiffs will suffer irreparable injury if the injunction does not issue.**

Unless Plaintiffs are able to obtain a temporary restraining order and injunction stopping the sheriff's sale, they will suffer irreparable injury for which there is no adequate remedy at law. Plaintiffs stand to lose their home should this sale not be enjoined. If a bona fide purchaser becomes involved at the prospective sheriff's sale, it will be more difficult for this court to do equity for all concerned.

      **C. The potential harm to Plaintiffs without the injunction outweighs any harm to Defendants if the injunction issues.**

Defendants will not suffer any harm if this Court issues the injunction. If the sale is stayed, interest on any amount owed (and not set off as a result of this suit) would continue to accrue.

**D. The public interest will be served if the injunction is granted.**

There is a strong public interest in preventing foreclosures. "Rules and statutes dealing with redemption are regarded as remedial in character and should be given liberal construction and application to permit a property owner who can pay his debts to do so, and thus make his creditor whole, and save his property". *Birznieks* v *Cooper*, 405 Mich 391, 330 (1979), quoting *United States* v *Loosley*, 551 P 2d 506 (Utah, 1976). Where Plaintiffs were placed into an expensive mortgage they could not afford, stopping or limiting the practices involved will benefit others who may face similar dangers.

## Relief Requested

WHEREFORE, Plaintiffs ask this Court grant the following relief:

A. Grant an ex parte temporary restraining order and a preliminary injunction enjoining any sheriff's sale of the mortgage in question during the pendency of this matter.

B. Grant such other relief as is just and equitable.

Dated: November 20, 2007

Law Offices of Fred R. Schmerberg

By: ______________________

Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN P. WHITE AND JULIE A. WHITE,

Plaintiffs,

vs.

WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE; AMERIQUEST MORTGAGE COMPANY, and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service,

Defendants.

**Case: 2:08-cv-10137**
**Judge: Roberts, Victoria A**
**Referral MJ: Pepe, Steven D**
**Filed: 01-09-2008 At 04:03 PM**
**REM WHITE, ET AL V. WM SPECIALTY MO RTGAGE, LLC, ET AL (TAM)**

Fred R. Schmerberg (P29895)
Law Offices of Fred R. Schmerberg
Attorney for Plaintiffs
209 E. Michigan Avenue
Saline, MI 48176
(734) 429-4936 (Phone)
(734) 944-0401 (fax)

Thomas M. Schehr (P54391)
Dykema Gossett PLLC
Attorneys for Defendants
WM Specialty Mortgage LLC and
Ameriquest Mortgage Company
400 Renaissance Center
Detroit, MI 48243-1668
(313) 568-6659 (phone)
(313) 568-6658 (fax)

**PROOF OF SERVICE**

STATE OF MICHIGAN )
) SS.
COUNTY OF WAYNE )

Patricia Ann Ward, an employee of Dykema Gossett PLLC, being first duly sworn, deposes and says that on the 9th day of January, 2008, she served a copy of the **Civil Cover Sheet, Notice of Removal, and this Proof of Service** upon Fred R. Schmerbert, Esq., at Law Offices of Fred R. Schmerbert, 209 E. Michigan Avenue, Saline, MI 48176, by enclosing copies of the same in an envelope properly addressed, and by depositing said envelope in the United States Mail with postage thereon having been fully prepaid.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Patricia Ann Ward

Subscribed and sworn before
me this 9th day of January, 2008.

Notary Public
My Commission Expires:

DET01\590060.1
ID\TMS

COUNTY OF MACOMB
Wayne

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose Lenawee

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
KEVIN P. WHITE and JULIE A. WHITE

**DEFENDANTS**
WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE; AMERIQUEST MORTGAGE COMPANY, and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service

(b) County of Residence of First Listed Plaintiff Lenawee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (734) 429-4936
Fred R. Schmerberg (P29895) Law Office of Fred Schmerberg, 209 E. Michigan Ave, Saline MI 48176

Attorneys (If Known) (313) 568-6659
Thomas M. Schehr (P54391) Dykema Gossett PLLC
400 Renaissance Center, Detroit, MI 48243

**II. BASIS OF JURISDICTION** (Select One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant)

DEF
☐ 4
☐ 5
☐ 6

Case: 2:08-cv-10137
Judge: Roberts, Victoria A
Referral MJ: Pepe, Steven D
Filed: 01-09-2008 At 04:03 PM
REM WHITE, ET AL V. WM SPECIALTY MORTGAGE, LLC, ET AL (TAM)

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

480

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Select One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601
Brief description of cause:
Alleged violation of truth in lending act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 1/9/08
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :